# EXHIBIT G

It also requested that a court expert be appointed to prove that the alleged infringements of the

**Strasbourg District Court**

Quai Finkmatt
B. P. 1030 F
67070 Strasbourg
Cedex

1st Civil Division, 1st Chamber

Tel. 03 88 75 27 27

Docket No. 03/02721
(General Roll)

COPY TO ATTORNEYS
TODAY

Strasbourg, November 20, 2003

# ORDER
OF THE JUDGE IN CHARGE OF PREPARING CASES FOR TRIAL
DATED NOVEMBER 20, 2003

**PLAINTIFF**
**S.A. AIRSEC**
6, Rue Louise Michel, 94600 Choisy le Roi
Legal representative: Mr. Didier Lancesseur (Chairman)
Legal counsel: Maître Bernard Levy, advising attorney, admitted to the Strasbourg Bar and Maître Jean-Pierre Stenger, trial attorney, admitted to the Paris Bar

**DEFENDANT**
**S.A. CAPITOL EUROPE**
Rue de Sandholtz, Zone Industrielle de Sandholtz, 67110 Niederbronn Les Bains
Legal counsel: Maître Jean-Marie Rapp, advising attorney, admitted to the Strasbourg Bar and Maître Emmanuel Larere, trial attorney, admitted to the Paris Bar

We, Edouard Mazarin, Vice-President of the Strasbourg District Court, judge in charge of preparing cases for trial, assisted by Edithe Gassmann, Clerk of the Court

Having regard to procedural motion No. 03/02721 (General Roll)

By petition lodged with the clerk of the court on June 19, 2003, S.A. Capitol Europe filed a motion to quash the originating summons and complaint issued against it on the ground that it is invalid because the plaintiff failed to comply with Article 56 of the New Code of Civil Procedure and, in addition, claimed € 10 000 in damages and € 3 000 pursuant to Article 700 of the New Code of Civil Procedure.

S.A. Airsec opposed this motion because it had been filed with the court and not the judge in charge of preparing cases for trial and, in the alternative, requested that the motion be denied because it had indeed complied with its obligations under Article 56 of the New Code of Civil Procedure.

It also requested that a court expert be appointed to prove that the alleged infringements of the patent are genuine and claimed € 3 000 pursuant to Article 700 of the New Code of Civil Procedure.

Should the motion that the complaint is invalid be denied, S.A. Capitol Europe also expressed its opposition to the appointment of a court expert on the grounds that an investigation would be pointless and time wasting.

## **GROUNDS FOR THE DECISION**

According to Article 771 of the New Code of Civil Procedure, "*the judge in charge of preparing the case for trial has sole jurisdiction to rule on any procedural motion filed after his appointment to the exclusion of any other composition of the court until such time as the case be removed from his jurisdiction*". However, this legal provision in no way implies that such a motion will be inadmissible on the sole ground that it was filed with the court, which retains jurisdiction to hear such a motion after the closing of the inquiry and preparatory stage of the proceedings, should the dispute with regard to that motion still not be settled.

Accordingly, there can be no doubt that in this case the motion to quash the complaint due to its invalidity, first filed with the court and then, in a separate brief lodged with the clerk of the court on September 11, 2003 for hearing by the judge in charge of preparing cases for trial, is admissible.

Article 56 (2) of the New Code of Civil Procedure provides that "*the complaint must contain the subject-matter of the claim with an account of the factual and legal arguments, failing which it will be invalid*".

Article L. 613-3 of the Intellectual Property Code provides that the protection granted by a patent is determined by what is stated in its claims.

In this instance, the complaint merely states that "*it is proven by the seizure report* [procès-verbal de saisie-contrefaçon] *carried out on April 11, 2003 at the Capitol Europe factory in Niederbronn that S.A. Capitol Europe manufactures and sells at this factory tubes designed to contain medicines reproducing the inventions protected in Claims 1 to 4, 6 and 7 of the above-referenced patent manufactured according to the processes set out in Claims 15 to 18 of this patent.*"

The plaintiff cannot argue that it is sufficient to consult the seizure report carried out by Maître Pascal Moritz, a bailiff practicing in Niederbronn Les Bain, on April 11, 2003. Indeed, this report only refers to the seizure of a few tubes manufactured by the defendant and it only gives a mere physical description of these tubes, whereas the plaintiff's patent is in fact a patent of a manufacturing process.

In addition to citing the patent claims allegedly infringed, Article 56 requires the plaintiff to state specifically for each claim how the products manufactured by the defendant reproduce its specifications.

In this case, the complaint is, to say the least, terse. Yet, the exhibits adduced in evidence clearly show that the plaintiff could have provided technical details in support of its allegations -- even though, later in the proceedings, such technical details would have called for confirmation from an appointed expert--, enabling the defendant to present its defense arguments immediately. Also, technically, this approach would have enabled the judge in

charge of preparing the case for trial to give any appointed expert a precise and detailed mission.

Yet, the complaint was deliberately drafted in vague terms and the plaintiff further confirmed this desire to remain imprecise in its reply brief dated August 4, 2003. Indeed, since the defendant's motion was motivated by the nullity of the writ [in French: nullité de forme], the plaintiff could have cured this invalidity at any time. However, the plaintiff let the defendant ascertain for itself how it might have infringed the plaintiff's patent "*by comparing the tubes seized at its factory ... with the relevant patent claims*".

By remaining vague, the plaintiff has clearly demonstrated a desire to prevent the defendant from usefully defending itself or from expressing any view on the terms of the appointed expert's mission. The defendant had no detailed knowledge of what it was accused of. This is further confirmed because:

- the plaintiff itself admits that a mere visual examination of the tubes actually seized at the defendant's premises does not immediately reveal how the patent claims may have been copied;

- Article L. 615-5-1 allows the court, in cases of infringement of a patented process, to order the defendant to prove that the process used to obtain an identical product is different from the patented process. This supposes prior proof that the products are identical.

The behavior of the plaintiff and its refusal, despite the procedural challenge, to supply technical details on how the seized tubes infringe the specifications of its patent's claims, constitutes a serious breach of its obligations under Article 56 and has caused an injury to the defendant by preventing it from filing a valid defense.

Accordingly, the originating summons and complaint served on April 16, 2003 by Maître Pascal Moritz, process server in Niederbronn Les Bains, is indeed invalid.

The issue of a complaint in such vague circumstances with the obvious aim of frustrating the defendant's rights constitutes misconduct, causing injury to the defendant, for which it should be awarded relief against the plaintiff of € 5 000 in damages.

The losing party will bear full costs and shall, pursuant to Article 700 of the New Code of Civil Procedure, compensate the other for the irrecoverable costs that it has been compelled to incur which, in the circumstances, will be set at € 3 000. Note that Article 699 of the New Code of Civil Procedure is not applicable in the Rhine and Moselle Districts.

## WHEREFORE

We, Edouard Mazarin, issue the following order, subject to appeal in the circumstances laid down in Article 776 of the New Code of Civil Procedure,

**Granting** the motion filed by S.A. Capitol Europe for the originating summons and complaint to be declared invalid

**Ruling** that the originating summons and complaint served by Maître Pascal Moritz, process server in Niederbronn Les Bains on S.A. Capitol Europe on April 16, 2003 on the instructions of S.A. Airsec is null, void and invalid

**Awarding** S.A. Capitol Europe **five thousand euros** (€ 5 000) in damages against S.A. Airsec and **three thousand euros** (€ 3 000) pursuant to Article 700 of the New Code of Civil Procedure.

**Taxing** full costs against S.A. Airsec

| | |
|---|---|
| Clerk of the Court | Judge in charge of preparing cases for trial |
| [signature] | [signature] |
| Edithe Gassmann | Edouard Mazarin |